# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6232 | **DATE** | 3/28/2002 |
| **CASE TITLE** | INQUOTE CORPORATION vs. ROBERT J. COLE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Counter-defendants' motion to set aside entry of default is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 56 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INQUOTE CORPORATION, an Illinois corporation, and LOCK L. LEE, an Illinois citizen,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>ROBERT J. COLE, a California citizen,<br><br>Defendant/Counter-Plaintiff. | Case No. 99 C 6232<br><br>Hon. John W. Darrah |

DOCKETED
MAR 2 9 2002

## MEMORANDUM OPINION AND ORDER

Counter-Defendants, Inquote Corporation ("Inquote") and Lock L. Lee ("Lee"), move, pursuant to Federal Rule of Civil Procedure 55(c), to set aside the default entered against them in favor of Counter-Plaintiff, Robert J. Cole ("Cole"). For the reasons that follow, Counter-Defendant's Motion to Set Aside Entry of Default is denied.

### BACKGROUND

On September 22, 1999, Inquote and Lee filed a complaint seeking declaratory relief that the parties' Memorandum of Understanding had been a clear and unequivocal limitation of liability of the parties ("the Illinois action"). On October 19, 1999, Robert J. Cole ("Cole"), the defendant in that action, filed a motion to dismiss, arguing that the court lacked personal jurisdiction. Cole's motion to dismiss was denied. However, Judge Ruben Castillo held that the plain language of paragraph six of the Memorandum of Understanding barred any claims by either party against the other and dismissed the action without prejudice.



On December 2, 1999, Cole filed a complaint against Inquote and Lee in California state court ("the California action"). Inquote and Lee removed the California action to the United States District Court for the Northern District of California. Pursuant to Inquote and Lee's motion to transfer, the California action was transferred to the Northern District of Illinois. On May 31, 2000, Inquote and Lee filed their answer and affirmative defenses in the California action.

Inquote and Lee's motion to reactivate the Illinois action was granted. On August 15, 2000, Cole filed an amended counterclaim. The answer to the amended counterclaim was due on October 6, 2000. Cole subsequently served interrogatories and a request for production on Inquote and Lee on or about September 5, 2000; written discovery responses were due on October 13, 2000.

On October 6, 2000, the attorneys representing Inquote and Lee moved to withdraw. That motion was granted on November 2, 2000. On November 15, 2000, Cole filed a motion to default Inquote and Lee for their failure to answer the amended counterclaim and comply with discovery.

The action was stayed pursuant to Lee's bankruptcy petition, which was filed on November 24, 2000. After the bankruptcy petition was dismissed on motion of the trustee on June 18, 2001[1], Cole's counsel sent Lee a notice of the prove-up hearing by certified mail. On September 6, 2001, this Court granted Cole's motion to default Inquote and Lee. At the time of the default, Lee's answer to the counterclaim and discovery responses were eleven months overdue. A prove-up hearing was scheduled for September 27, 2001. The prove-up hearing was subsequently rescheduled to December 4, 2001. Lee appeared without counsel at the hearing on December 4, 2001, and

---

[1]The Bankruptcy Trustee dismissed Lee's bankruptcy petition because (1) Lee failed to comply with several requests for production of bank and wire-transfer records and other related documents and (2) Lee's "two forms of identification to show his social security number" were both nonconforming with the United States Trustee requirements.

informed the Court that he would be prosecuting and defending the claims himself. The Court noted that Cole had flown in from California and permitted him to testify regarding the merits of the counterclaim. Lee left the courtroom prior to the testimony of Cole and contrary to the express instruction of the Court. The prove-up hearing was then continued to January 15, 2002.

On January 15, 2002, counsel for Inquote and Lee filed, pursuant to leave of Court, the instant motion to set aside entry of default pursuant to Rule 55(c).

## DISCUSSION

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A default was properly entered against Inquote and Lee. Inquote and Lee did not file an answer as was required under the Federal Rules nor did they ask for an extension of time in which to answer or otherwise plead. Therefore, Inquote and Lee failed to plead or otherwise defend and were properly defaulted.

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard of review for a request to set aside entry of a default prior to judgment under Rule 55(c) is the same as the standard of review for a request to set aside a default judgment under Rule 60(b). *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990)). However, the standard is less stringently applied in cases under Rule 55(c). *See O'Brien v. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993).

In order to prevail on a motion to set aside under Rule 55(c), the moving party must show:

"(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citing *Pretzel & Stouffer*, 28 F.3d at 45; *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

Inquote and Lee cannot establish good cause for their default. On August 30, 2000, Cole filed his amended counterclaim. Lee filed for bankruptcy on November 24, 2000, which stayed the action for six months. However, Inquote and Lee's answer to the counterclaim was due on October 6, 2000, more than a month before Lee filed for bankruptcy.

Inquote and Lee argue that good cause for the default exists because, at the time the answer was due, their counsel had withdrawn from the case. However, Inquote and Lee could have moved the Court for an extension of time in which to answer or otherwise plead and comply with discovery requests or for an extension time to retain counsel to answer or otherwise plead to the amended counterclaim and deal with discovery. Inquote and Lee do not explain why they did not take any of the steps mentioned above in a timely manner.

Lee also argues that he was out of the country from August 24, 2001 until October 4, 2001, and, therefore, did not receive notice of the prove-up hearing that was sent by certified mail. Lee argues that, when he became aware of the prove-up hearing, he informed the Court that he intended to prosecute and defend the action.

However, the default was entered due to Lee's and Inquote's failure to answer or otherwise plead to the amended counterclaim and to comply with discovery not their failure to attend a prove-up hearing. Even up to this time, Inquote and Lee have not moved for leave to file an answer or actually filed an answer. Furthermore, Lee's absence from the United States during the period

beginning August 24, 2001 and ending October 4, 2001, does not explain why neither Lee nor Inquote did not answer or otherwise plead to the amended counterclaim that was filed on August 15, 2000, more than a year before. Lee could have informed the Court of his anticipated absence and any difficulty it might have caused in his attempts to retain counsel. Lee does not explain why he did not so inform the Court.

Inquote and Lee have not shown good cause for the default. Therefore, setting aside the entry of default against them is not appropriate.

Because good cause has not been shown to set aside entry of the default, Inquote and Lee's motion is denied on that ground. Nor was there quick action to correct the default by Inquote and Lee.

Lastly, Inquote and Lee do not have a meritorious defense. Judge Castillo expressly found that Cole's amended counterclaim contained the requisite factual allegations to state claims for fraud and quantum meruit. Judge Castillo expressly rejected the contentions that Lee advances in the instant motion, that the limitation of liability clause in the Memorandum of Understanding would preclude Cole's action for fraud and quantum meruit.

Cole's affidavit and testimony were very fact-specific in terms of describing in detail the services that he provided Lee and Inquote for the six-month time period beginning April 1999 and ending September 1999. In contrast to the detailed facts in Cole's affidavit, Lee's affidavit merely contains a one-sentence conclusion unsupported by any facts: "Mr. Cole did not perform the work he alleges that he has performed."

The instant motion to set aside entry of default and Lee's affidavit do not address, in any way the specific factual allegations of fraud set forth in the amended counterclaim. Lee has no bona fide

defense to Cole's amended counterclaim. His flagrant flouting of this Court's orders and the Bankruptcy Court's orders will not be tolerated or condoned.

## CONCLUSION

For the reasons stated above, Counter-Defendants' Motion to Set Aside Entry of Default is denied.

**IT IS SO ORDERED.**

_____
John W. Darrah, Judge
United States District Court

Date: March 28, 2002